UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR BERRELLEZA-VERDUZCO,<br><br>Defendant. | Case No. CR12-62RSL<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO IDENTIFY CO-CONSPIRATOR STATEMENTS |

## I. INTRODUCTION

This matter comes before the Court on defendant Victor Berrelleza-Verduzco's "Motion to Identify Alleged Co-Conspirator Statements" (Dkt. # 590).[1] Defendant asks the Court to compel the government to identify both the alleged co-conspirator statements that it intends to present at trial and the alleged co-conspirator responsible for the statements. In addition, defendant seeks a hearing for the government to establish the existence of the alleged conspiracy, defendant's participation therein, and the basis for admissibility of the alleged co-conspirator statements before trial. This Court, having reviewed the facts set forth in the motion, the government's response, and the remainder of the record, finds as follows:

---

[1] Several other defendants join Berrelleza-Verduzco's motion, Dkt. # 627, 632, 640, 650, 651, 706.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO IDENTIFY
ALLEGED CO-CONSPIRATOR STATEMENTS- 1

## II. DISCUSSION

**A. Admissibility**

Federal Rule of Evidence ("Rule") 801(d) provides an exception to the hearsay rule if a statement is made by a co-conspirator of a party and was made in the course of and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E).

For a co-conspirator's statement to qualify for admission under Rule 801(d)(2)(E), "the following preliminary facts must be shown: (1) there was a conspiracy, (2) the defendant and the declarant were participants in the conspiracy, and (3) the statement was made by the declarant during and in furtherance of the conspiracy." United States v. Bridgeforth, 441 F.3d 864, 869 (9th Cir. 2006). These facts must be established by the preponderance of the evidence and the government may not rely solely on the co-conspirator statements themselves. United States v. Castaneda, 16 F.3d 1504, 1507 (9th Cir. 1994). The government need show only a slight connection with the conspiracy, but the independent evidence must be "fairly incriminating." Id.

Defendant seeks to compel the government to identify the alleged co-conspirator statements that it plans to present at trial under Rule 801. Motion (Dkt. # 591) at 1. The government has provided defendant with nearly all of these statements in discovery, with the exception of Jenks Act material, Dkt. # 701 at 2, and agrees to provide witness and exhibit lists closer to trial, id. at 5. These lists will identify all co-conspirator statements that the government plans to use at trial and include Jenks Act material. Id. Based on the government's agreement to identify the alleged co-conspirator statements in its exhibit list and its agreement to produce witness statements under 18 U.S.C. § 3500 before trial, the Court GRANTS defendant's motion to identify alleged co-conspirator statements on or before Friday, May 3, 2013.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO IDENTIFY
ALLEGED CO-CONSPIRATOR STATEMENTS- 2

**B.  Pretrial Hearing**

In addition to seeking disclosure of the co-conspirator statements the government plans to use at trial, defendant requests that the Court hold a pre-trial evidentiary hearing to determine whether the alleged co-conspirator statements will be admissible at trial under Rule 801(d)(2)(E).  Dkt. # 590 at 1.  Because these statements may only be admitted under the limited exception set forth in Rule 801(d)(2)(E), defendant contends the government should be required to show the existence of a conspiracy and to establish that the statements were made in furtherance of the conspiracy before the jury hears the statements.  Dkt. # 591 at 2.

While defendant is correct that the alleged co-conspirator statements are admissible only if the government establishes the requisite preliminary facts under Rule 801, defendant's contention that a pre-trial hearing is required is not persuasive.  Whether to grant a pre-trial evidentiary hearing is within the discretion of the trial court.  United States v. Long, 706 F.2d 1044, 1053 (9th Cir. 1983).  Should a district court decline to hold a pre-trial hearing, the court may admit an alleged co-conspirator's statements at trial, even in the absence of sufficient independent evidence, subject to a later motion to strike if the government fails to establish the existence of the conspiracy and the connection of the declaration and defendant to it.  United States v. Watkins, 600 F.2d 201, 204 (9th Cir. 1979).  The initial ruling under Rule 801(d)(2)(E) is not controlling so long as the trial judge considers the sufficiency of independent evidence before giving the case to the jury.  Id. at 204-05.

With this framework in mind, the Court finds that a pre-trial evidentiary hearing is not warranted in these circumstances.  The Court agrees with the government that the alleged co-conspirator statements, as well as the facts supporting their admission, should be presented during trial.  Defendant retains right to move to strike these statements and

the Court will determine at that time whether the government has made the requisite preliminary showing to admit the statements. The Court, therefore, DENIES defendant's motion for a pre-trial evidentiary hearing regarding the admissibility of alleged co-conspirator statements.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant Victor Berrelleza-Verduzco's "Motion to Identify Alleged Co-Conspirator Statements" (Dkt. # 590). The Court GRANTS defendant's motion for identification of alleged co-conspirator statements that the government plans to use at trial and DENIES defendant's motion for a pre-trial evidentiary hearing. The government is hereby ORDERED to identify the alleged co-conspirator statements it plans to use at trial on or before Friday, May 3, 2013.

DATED this 11th day of April, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge