UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR BERRELLEZA-VERDUZCO,<br><br>　　　　　Defendant. | Case No.  CR12-62RSL<br><br>ORDER DENYING MOTION TO INTERVIEW INFORMANTS |

## I. INTRODUCTION

This matter comes before the Court on defendant Victor Berrelleza-Verduzco's "Motion to Interview Informant and/or Cooperating Co-Defendants/Witnesses" (Dkt. # 596).[1] Defendant seeks to interview any confidential informants and any cooperating co-defendants who may testify at trial. In the alternative, defendant requests that the Court conduct an in-court inquiry of these witnesses. This Court, having reviewed the facts set forth in the motion, the government's response, and the remainder of the record, finds as follows:

---

[1] Several other defendants join Berrelleza-Verduzco's motion. Dkt. # 627, 632, 640, 651, 706.

ORDER DENYING MOTION TO INTERVIEW
INFORMANT AND/OR COOPERATING
CO-DEFENDANTS/WITNESSES - 1

## II. DISCUSSION

**A.  Background**

This case arises out of a long-term investigation into the Berrelleza drug trafficking organization, large-scale drug trafficking organization with ties to a Mexican-based drug cartel.  The investigation resulted in the indictment of thirty-four defendants in all.

As part of the investigation into the conspiracy, the government applied for and received several orders authorizing the interception phone lines and the search of residences allegedly used as "stash houses."  The government's applications for search warrants and orders authorizing the use of wiretaps were supported in part by information it received from confidential informants.

**B.  Analysis**

Defendant argues that he is entitled to interview any confidential informants and cooperating co-defendants the government plans to call at trial because their testimony is material to the case against defendant.  See Motion (Dkt. # 606) at 2.  However, there appears to be a disagreement regarding whether the names of any confidential informants have been disclosed.  Defendant refers to "the known informant's testimony," id., while the government's argument in opposition to defendant's motion is focused on protecting the identity of its informants, Response (Dkt. # 677) at 5.  To the extent that defendant seeks to compel disclosure of the informants' identities, defendant has not demonstrated that disclosure is necessary.

The government has a limited privilege to withhold the identities of confidential informants.  United States v. Henderson, 241 F.3d 638, 645 (9th Cir. 2000) (citing Roviaro v. United States, 353 U.S. 53, 59-61 (1957)).  To obtain disclosure, a defendant must show need, which requires a showing of "more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' to his defense, or that

ORDER DENYING MOTION TO INTERVIEW
INFORMANT AND/OR COOPERATING
CO-DEFENDANTS/WITNESSES - 2

will be essential to a fair trial." Id. (citing United States v. Amador-Galvan, 9 F.3d 1414, 1417 (9th cir. 1993); United States v. Williams, 898 F.2d 1400, 1402 (9th Cir. 1990)).  When determining whether to grant a motion for disclosure, a district court must balance the defendant's and the government's interests, considering "the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro, 353 U.S. at 62.

The Ninth Circuit has determined that where a defendant makes a "minimal threshold showing that disclosure would be relevant to at least one defense," the district court must hold an *in camera* hearing. United States v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993) (internal quotations omitted).  The only question in disclosure cases is whether the defendant has made the requisite showing for a hearing. Id.  The burden is on the defendant to establish the need for the disclosure. United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir. 1986).

Here, "[defendant] did not allege facts which would indicate that such disclosure was 'essential to a fair determination of [his] cause" see Fixen, 780 F.2d at 1440 (internal quotation marks omitted), or that the disclosure and interview would be relevant or helpful to his defense, Henderson, 241 F.3d at 646.  Rather, defendant contends generally that he needs to know what the informants' testimony will be because these witnesses are "key" to the government's case.  Motion at 1.  Defendant also argues that he is entitled to review any exculpatory statements made by an informant or cooperating co-defendant, but fails to acknowledge that the government is already required to produce those materials under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.  Balancing the defendant's general request to interview informants to obtain helpful information with the government's interest in the safety of

ORDER DENYING MOTION TO INTERVIEW
INFORMANT AND/OR COOPERATING
CO-DEFENDANTS/WITNESSES - 3

its informants in this particular case, the Court DENIES defendant's request for the disclosure of any informants and cooperating co-defendants at this time.

If the identity of an informant is known as defendant's motion suggests, defendant still has not demonstrated need for the Court to compel the government to produce this known informant for an interview. He has not alleged the existence of any specific obstacle preventing him from interviewing the informant and his reliance on United States v. Fischel, 686 F.2d 1082, 1092 (5th Cir. 1982) is misplaced. Unlike the motion now before the Court, Fischel involved a defendant seeking the address of an informant. 686 F.2d at 1090-92. Here, defendant does not seek contact information of any informants, but rather, asks the Court to compel the government to produce the informants for an interview. The Court declines to do so. As defendant himself points out, Motion at 2, a witness has the right to refuse to be interviewed by a defendant if he or she chooses, United States v. Black, 767 F.2d 1334, 1338 (9th Cir. 1985). In light of defendant's failure to raise any specific obstacles to interviewing any known informants, the Court DENIES defendant's motion to compel the government to produce any informants.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant Victor Berrelleza-Verduzco's "Motion to Interview Informant and/or Cooperating Co-Defendants/Witnesses" (Dkt. # 596).

DATED this 11th day of April, 2013.

*[signature]*
Robert S. Lasnik
United States District Judge