UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR BERRELLEZA-VERDUZCO,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C16-1772RSL<br>No. CR12-62RSL<br><br>ORDER DENYING MOTION<br>UNDER 28 U.S.C. § 2255 |

This matter comes before the Court on petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct A Sentence by a Person in Federal Custody," Dkt. #1, and the government's "Answer and Cross-Motion to Dismiss Petition," Dkt. # 5. Having reviewed the parties' briefing and the relevant record, the Court finds and rules as follows.

In April 2013, pursuant to an agreement with the government, Case No. CR12-62RSL, Dkt. # 856, petitioner Victor Berrelleza-Verduzco pled guilty to a series of drug trafficking crimes: one count of conspiracy to distribute controlled substances (under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846); one count of conspiracy to engage in money laundering (under 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), & 1956(a)(1)(B)(i)); one count of conspiracy to interfere with commerce by robbery (under 18 U.S.C. § 1951); and one count of conspiracy to possess firearms in furtherance of a drug trafficking crime (under 18 U.S.C. § 924(o)). Case No. CR12-62RSL, Dkt. # 851.

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255

1    At petitioner's sentencing in September 2013, petitioner moved to withdraw his guilty
plea and to substitute counsel.  Case No. CR12-62RSL, Dkt. # 1099.  After a colloquy with the
Court, however, petitioner expressed an interest in proceeding with sentencing.  Case No. CR12-
62RSL, Dkt. # 1154 at 3–7.  The Court sentenced petitioner to twenty years in custody, followed
by five years of supervised release.  Case No. CR12-62RSL, Dkt. # 1100.  Petitioner timely
appealed the Court's denial of his motion to withdraw his plea, and on January 23, 2015, the
Ninth Circuit affirmed.  Ninth Circuit Court of Appeals Case No. 13-30262, Dkt. # 41.  Twenty-
one months after the mandate issued in February 2015, petitioner filed the motion to vacate now
before the Court.  Case No. CR12-62RSL, Dkt. # 1368; Dkt. # 1.  The government opposes
petitioner's motion to vacate his sentence and asks the Court to dismiss it.  Dkt. # 5.

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to
vacate, set aside, or correct his sentence where "the sentence was imposed in violation of the
Constitution or laws of the United States, or [where] the court was without jurisdiction to impose
such sentence, or [where] the sentence was in excess of the maximum authorized by law, or is
otherwise subject to collateral attack . . . ."

Here, petitioner asks the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 on the
grounds that his sentence is unconstitutional under Johnson v. United States, 135 S. Ct. 2551
(2015).  In that case, decided June 26, 2015, the Supreme Court invalidated as unconstitutionally
vague the Armed Career Criminal Act's residual clause, which defines "violent felony" as "any
crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct
that presents a serious potential risk of physical injury to another."  Johnson, 135 S. Ct. at 2557.
On April 18, 2016, the Supreme Court declared this holding retroactive in cases on collateral
review.  Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

Because petitioner's conviction became final more than one year before petitioner filed
this motion, see 28 U.S.C. § 2255(f)(1), petitioner's motion is untimely.  And even if petitioner

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255                    -2-

could invoke <u>Johnson</u> to invalidate his sentence – which, on the merits, he cannot, as he was not convicted under the ACCA's residual clause or under any similarly-worded statute; nor was he sentenced in reliance on Guidelines language similar to the residual clause – petitioner filed this motion over one year after <u>Johnson</u> was decided. Accordingly, petitioner's motion is untimely even under 28 U.S.C. § 2255(f)(3).

For all of the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 (Dkt. # 1) is DENIED. The government's cross-motion to dismiss (Dkt. # 5) is GRANTED. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to close the case.

Dated this 30th day of May, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255                -3-