1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   UNITED STATES OF AMERICA,                    Case No. CR12-62RSL

10                         Plaintiff,

11              v.                                 ORDER DENYING
                                                  DEFENDANT'S MOTION
12   VICTOR BERRELLEZA-VERDUZCO,                   FOR COMPASSIONATE
                                                  RELEASE
13                         Defendant.

14

15        This matter comes before the Court on defendant's *pro se* "Motion for Reduction of

16   Sentence" pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. # 1507. Having reviewed the memoranda

17   of the parties and the record contained herein, the Court finds as follows:

18   **I.      PROCEDURAL MOTIONS**

19        As an initial matter, the Court finds compelling reasons justify sealing defendant's

20   records (Dkt. # 1512). The government's motion to seal (Dkt. # 1511) is accordingly

21   GRANTED. The government's motion to file an overlength brief (Dkt. # 1509) is also

22   GRANTED.

23   **II.     BACKGROUND**

24        Defendant is a 31-year-old inmate currently incarcerated at the Federal Correctional

25   Institution ("FCI") Victorville in California. On April 23, 2013, defendant pleaded guilty to

26   conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1),

27   841(b)(1)(A), and 846; conspiracy to engage in money laundering, in violation of 18 U.S.C.

28   §§ 1956(h), 1956(a)(1)(A)(I), and 1956(a)(1)(B)(I); conspiracy to interfere with commerce by

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE - 1

robbery, in violation of 18 U.S.C. § 1951; and conspiracy to possess firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o). See Dkt. # 856. At the sentencing hearing on September 13, 2013, defendant moved to withdraw his plea and for new counsel, which the Court denied. With defendant's consent, the Court proceeded with sentencing and sentenced defendant to 20 years in custody and 60 months of supervised release. Dkt. # 1099. Defendant appealed the Court's order denying his motion to withdraw his guilty plea and his request to substitute counsel, and the Ninth Circuit affirmed the Court's order. United States v. Berrelleza-Verduzco, 590 F. App'x 707 (9th Cir. 2015) (mem.). Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on July 31, 2029. Dkt. # 1510.

On March 5, 2021, defendant filed the instant motion, seeking compassionate release under 18 U.S.C. § 3582(c) based on the conditions he alleged he endured over the previous year, including his contracting of COVID-19. Dkt. # 1507.

### III.   LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE - 2

1

behalf or the lapse of 30 days from the receipt of such a
request by the warden of the defendant's facility, whichever
is earlier, may reduce the term of imprisonment (and may
impose a term of probation or supervised release with or
without conditions that does not exceed the unserved portion
of the original term of imprisonment), after considering the
factors set forth in section 3553(a) to the extent that they are
applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such
> a reduction; . . .
>
> (ii) . . .
>
> and that such a reduction is consistent with the
> applicable policy statements issued by the Sentencing
> Commission[.]

As an initial matter, before the Court can consider the merits of defendant's motion, it
must determine whether he has met the statutory exhaustion requirement for compassionate
release. See 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden of establishing this
requirement. See, e.g., United States v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, at
*3 (W.D. Wash. May 7, 2020) (collecting cases). The government asserts that defendant has not
met this preliminary burden, Dkt. # 1510 at 11, and the Court agrees. Defendant alleges merely
that he made a request and waited over 30 days for the warden's response. See Dkt. # 1507 at 3.
Defendant does not specify when he made the alleged request, and he did not attach a copy of
the request. See id. The government states that it "has inquired of BOP, and BOP has no record"
of defendant's alleged request. Dkt. # 1510 at 11. Defendant did not file a reply to the
government's response, and the Court concludes that defendant has failed to establish that he
has satisfied the exhaustion requirement. Because defendant has not met this threshold
requirement, the Court lacks authority to grant relief under § 3582(c)(1)(A). See United States v.
Fuentes, 834 Fed. App'x 414 (9th Cir. 2021) (mem.) ("A court may not excuse a defendant's

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE - 3

1    failure to comply with a statutory exhaustion requirement."). Accordingly, defendant's motion

2    must be DENIED.[1]

3    **IV.    CONCLUSION**

4    For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 1507)

5    is DENIED without prejudice to re-filing once he complies with the exhaustion requirement set

6    forth in 18 U.S.C. § 3582(c)(1)(A).[2] Before the Court will consider the merits of defendant's

7    motion, he must show that (1) he "has fully exhausted all administrative rights to appeal a

8    failure of the [BOP] to bring a motion on [his] behalf," or (2) thirty (30) days have lapsed since

9    the receipt of his compassionate release request by the warden of FCI Victorville. 28 U.S.C.

10   § 3582(c)(1)(A).

11   IT IS SO ORDERED.

12

13   DATED this 29th day of March, 2021.

14

15   _MNR S Lasnik_

16   Robert S. Lasnik
     United States District Judge

17

18

19

20

21

22

23   [1] To the extent that defendant raises an Eighth Amendment claim challenging the conditions of
     his confinement, see Dkt. # 1507 at 5, the Court declines to order his release on Eighth Amendment
24   grounds based on the procedural posture of defendant's request for relief. See United States v. Numann,
     No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (Burgess, J.) (An Eighth
25   Amendment claim "relating to the manner and conditions of confinement—[is] not properly brought in a
     motion for compassionate release [under § 3582(c)(1)(A)] and this Court does not have jurisdiction to
26   consider [it].").

27   [2] The government's motion to seal (Dkt. # 1511) and motion to file an overlength brief (Dkt.
28   # 1509) are also GRANTED.

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE - 4