UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR BERRELLEZA-VERDUZCO,<br><br>Defendant. | Case No. CR12-62RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION TO APPOINT COUNSEL |

This matter comes before the Court on defendant's *pro se* "Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), Amendment 821, Part B" (Dkt. # 1603) and "Motion for Appointment of Counsel" (Dkt. # 1609). Having considered the parties' submissions and the record contained herein, the Court DENIES defendant's motions.

**I.    Background**

Defendant is a 34-year-old inmate currently incarcerated at Victorville Medium II Federal Correctional Facility. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 29, 2024). On April 23, 2013, defendant pleaded guilty to (1) conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; (2) conspiracy to engage in money laundering, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(I), and 1956(a)(1)(B)(I); (3) conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; and (4) conspiracy to possess firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o). Dkt. # 856.

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND
MOTION TO APPOINT COUNSEL - 1

As part of his guilty pleas, defendant admitted he directed and supervised other members of the conspiracy in smuggling large amounts of heroin and methamphetamine into the United States for distribution and admitted to engaging in financial transactions designed to conceal the illegal nature, source, location, ownership, and control of the drug proceeds. Dkt. # 856 ¶¶ 8.b, 8.f., 8.i. In furtherance of the drug trafficking conspiracy, defendant admitted to working with others to acquire firearms in the United States and smuggle them into Mexico, and he admitted to conspiring to obtain drugs and drug proceeds from a rival drug organization by use of actual or threatened force, violence, and fear. Dkt. # 856 ¶¶ 8.g., 8.h., 8.j.

Defendant's Total Offense Level at sentencing was 43[1] and Category I, with a guideline range of "life." Dkts. # 1074, # 1075 ¶¶ 77, 80; *see also* USSG § 5A. The Court sentenced the defendant to 240 months on all four counts to run concurrently. Dkt. # 1100 at 2. Defendant is scheduled to be released on July 31, 2029. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 29, 2024).

## II.   Discussion

### A.   Motion to Reduce Sentence

Defendant now seeks a reduction pursuant to Amendment 821 to the USSG, Part B, subpart 1, *See* Dkt. # 1603, "which provides a two-level reduction in the offense level for certain 'zero-point offenders'—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Rather*, No. CR21-0079-JCC, 2024 WL 1533889, at *1 (W.D. Wash. Apr. 9, 2024) (citing USSG § 4C1.1(a)).

> To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).

---

[1] Defendant's Total Offense Level was 45, Dkt. # 1075 ¶ 74. But, "[p]ursuant to Chapter 5, Part A (comment n.2), in those rare instances where the total offense level is calculated in excess of 43, the offense level will be treated as a level 43." *Id.* ¶ 77.

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION TO APPOINT COUNSEL - 2

*Rather*, 2024 WL 1533889, at *1. Defendant's motion fails under both prongs.

First, the Amendment provides a two-level reduction for zero-point offenders who meet certain criteria, including but not limited to, (1) "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense"; and (2) "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848." USSG § 4C1.1(a). Here, the defendant admitted to acquiring and smuggling several firearms from the United States into Mexico in connection with the drug trafficking conspiracy. Dkt. # 856 at ¶ 8.h. Defendant also stipulated to an upward adjustment for his role in "recruiting and directing the activities of others." *Id*. ¶ 9.b. Therefore, the amendment is inapplicable to defendant's sentence.

Second, even assuming defendant's sentence was eligible for a reduction, a reduction would not be consistent with the Sentencing Commission's applicable policy statements. USSG § 1B1.10(b)(2) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." Here, defendant's total offense level would be lowered two levels from 45 to 43, resulting in an "amended" sentencing range of "life." *See* USSG § 5A. Because defendant's 240-month sentence is well below the amended guideline range, he is ineligible for a reduction.

**B. Motion to Appoint Counsel**

Because the underlying basis for defendant's motion for a sentence reduction lacks merit, his motion for appointment of counsel is denied.[2]

**III. Conclusion**

For all the foregoing reasons, IT IS HEREBY ORDERED that:

---

[2] Consistent with General Order 03-19, the Federal Public Defender's Office was provided with a copy of the motion, and they declined to seek appointment.

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION TO APPOINT COUNSEL - 3

1. Defendant's motion for sentence reduction (Dkt. # 1603) is DENIED.
2. Defendant's motion to appoint counsel (Dkt. # 1609) is DENIED.

IT IS SO ORDERED.

DATED this 30th day of April, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION TO APPOINT COUNSEL - 4