UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR BERRELLEZA-VERDUZCO,<br><br>Defendant. | Case No. CR12-62RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION TO APPOINT COUNSEL |

This matter comes before the Court on defendant's pro se motions for (1) compassionate release, (2) reduction of sentence, (3) appointment of counsel, and (4) an order directing the Government to produce certain records. Dkt. # 1638. Having considered defendant's motions, the Government's response (Dkt. # 1640), defendant's reply (Dkt. # 1641), and the record contained herein, the Court DENIES all of defendant's motions.

**I.     Background**

Defendant is a 35-year-old inmate currently incarcerated at Victorville Medium II Federal Correctional Facility. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 24, 2025). On April 23, 2013, defendant pleaded guilty to (1) conspiracy to distribute controlled substances, in violation of 21 U.S.C.

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND
MOTION TO APPOINT COUNSEL - 1

§§ 841(a)(1), 841(b)(1)(A), and 846; (2) conspiracy to engage in money laundering, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(I), and 1956(a)(1)(B)(I); (3) conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; and (4) conspiracy to possess firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o). Dkt. # 856.

As part of his guilty pleas, defendant admitted he directed and supervised other members of the conspiracy in smuggling large amounts of heroin and methamphetamine into the United States for distribution and admitted to engaging in financial transactions designed to conceal the illegal nature, source, location, ownership, and control of the drug proceeds. Dkt. # 856 ¶¶ 8.b, 8.f., 8.i. In furtherance of the drug trafficking conspiracy, defendant admitted to working with others to acquire firearms in the United States and smuggle them into Mexico, and he admitted to conspiring to obtain drugs and drug proceeds from a rival drug organization by use of actual or threatened force, violence, and fear. Dkt. # 856 ¶¶ 8.g., 8.h., 8.j.

Defendant's Total Offense Level at sentencing was 43[1] and Category I, with a guideline range of "life." Dkts. # 1074, # 1075 ¶¶ 77, 80; *see also* USSG § 5A. The Court sentenced the defendant to 240 months on all four counts to run concurrently. Dkt. # 1100 at 2. Defendant is scheduled to be released on July 31, 2029. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 24, 2025).

---

[1] Defendant's Total Offense Level was 45, Dkt. # 1075 ¶ 74. But, "[p]ursuant to Chapter 5, Part A (comment n.2), in those rare instances where the total offense level is calculated in excess of 43, the offense level will be treated as a level 43." *Id.* ¶ 77.

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION TO APPOINT COUNSEL - 2

## II. Discussion

### A. Motion for Compassionate Release

To qualify for compassionate release, a defendant must first satisfy the statutory exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Here, defendant has filed an email that indicates he asked the warden of his facility for compassionate release on Nov. 9, 2024. Dkt. # 1638 at 18. Because the elapsed time between defendant's request to the warden of his facility and defendant's current motion for compassionate release is more than thirty days, it appears the statutory exhaustion requirement is satisfied. *See* 18 U.S.C. § 3582(c)(1)(A). Additionally, the Government "concedes for the sake of argument" that defendant has met his exhaustion requirement. Dkt. # 1640 at 14.

Next, defendant must demonstrate that "extraordinary and compelling reasons" justify compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). However, even if "extraordinary and compelling reasons" are demonstrated, this Court may deny compassionate release based on the factors outlined in 18 U.S.C. § 3553(a). *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). While this Court is doubtful that on this record defendant has demonstrated "extraordinary and compelling reasons" that justify compassionate release (Dkts. # 1638 at 6, 1640 at 14, 1641), the Court is confident that denial of compassionate release is warranted based solely upon the § 3553(a) factors. *Keller*, 2 F.4th 1278 at 1284 (9th Cir. 2021). This Court's decision to sentence defendant to 240 months—rather than life, as recommended by the guidelines—appropriately reflects "the seriousness of the offense," promotes "respect for the law," and provides "just punishment for the offense." *See* 18 U.S.C. § 3553(a)(2)(A). As

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION TO APPOINT COUNSEL - 3

discussed above, defendant admitted to a leadership role in a large drug trafficking conspiracy and to trying to acquire firearms to smuggle into Mexico from the United States. Dkt. # 856 ¶¶ 8.b, 8.f., 8.g., 8.h., 8.i, 8.j. Defendant also admitted to the use of actual or threatened force, violence, and fear as part of that conspiracy. *Id*. As the Government points out, a reduction in defendant's sentence would result in "unwarranted sentencing disparities" with other similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6); Dkt. # 1640 at 18. Therefore, an evaluation of the § 3553(a) factors precludes compassionate release.

### B. Motion to Reduce Sentence

Liberally construing defendant's pro se pleadings, he appears to also seek a reduction in his sentence under 18 U.S.C. § 3582(c)(2). *See* Dkt. # 1638 at 3. *See also* Dkt. # 1617 (denying defendant's previous motion for reduction in sentence).

> To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).

*United States v. Rather*, No. CR21-0079-JCC, 2024 WL 1533889, at *1 (W.D. Wash. Apr. 9, 2024) (citing *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam)).

Here, defendant has not identified any change to the sentencing range that would affect his original guideline range of "life." Dkt. 1638 at 3–6. As a result, defendant's motion to reduce sentence fails.

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION TO APPOINT COUNSEL - 4

### C. Motion for Order Directing Release of Medical Records

Defendant requests that this Court order the Bureau of Prisons (BOP) to release his medical records and other documents that he has attempted to get from the BOP "to no avail." Dkt. # 1638 at 1, 15. Defendant does not state a cause of action for this motion. *Id*. Following defendant's request that this Court "liberally construe" his pleadings (Dkt. # 1638 at 2), the Court construes this particular motion as arising under the Privacy Act. 5 U.S.C. § 552a. As defendant is presently incarcerated at Victorville Medium II Federal Correctional Facility, this motion should be filed in the Central District of California.[2] *See* 5 U.S.C. § 552a(g)(5).

### D. Motion to Appoint Counsel

Because the underlying basis for defendant's motions for compassionate release and sentence reduction lack merit, his motion for appointment of counsel is denied. *See* Dkt. 1617 at 3 (denying defendant's previous motion to appoint counsel).

### E. Conclusion

For all the foregoing reasons, defendant's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A); reduction of sentence under 18 U.S.C. § 3582(c)(2); and appointment of counsel (Dkt. # 1638) are DENIED. Defendant's motion for this Court to order the BOP to release certain records is also DENIED, but without prejudice to defendant refiling the motion in the Central District of California.

---

[2] The Court notes that because defendant's motion for compassionate release was denied solely on the basis of § 3553(a) factors, defendant's alleged inability to procure his medical and other records was irrelevant to the Court's decision-making.

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION TO APPOINT COUNSEL - 5

IT IS SO ORDERED.

DATED this 3rd day of March, 2025.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION TO APPOINT COUNSEL - 6